## Bartholomew *v.* Lehigh Co., Appellant.

*Act of June 23, 1885—Advertisement of election proclamation—Authority of sheriff.*

The act of June 23, 1885, P. L. 144, provides that "It shall be the duty of the sheriff of every county in this commonwealth to give notice of the general election by publication of the same once a week in not more than four weekly, or daily newspapers, published in the county, one of said newspapers to be published in the German language, in counties where such newspaper is published," etc., etc. Suit having been brought by the publisher of a newspaper against the county to recover for the publication of an election notice, it was conceded that the sheriff had published his proclamation in four other newspapers of the said county, and had certified such fact to the county commissioners who had paid therefor. A referee, under the Act of May 14, 1874, P. L. 166, to whom the case was referred, found as a fact that the sheriff had ordered the publication in plaintiff's paper, and concluded as a matter of law that the county was liable therefor.

*Held* to be error. The sheriff cannot bind the county by authorizing a publication in direct violation of the provisions of the act; (2) conceding that the sheriff and county commissioners might, under certain circumstances, be estopped as individuals from denying liability to plaintiff, the county would not be liable, as the taxpayers are only bound by the lawful acts of their officers:

Eyster v. Rineman, 11 Pa. 147, distinguished.

The number of newspapers in the German language in which the publication shall be made is at the discretion of the sheriff. The object of the act was not to limit the publication to one German newspaper, but to require the publication in at least one such paper, if any such are published in the county.

*Reference under act of May 14, 1874—Fiduciaries.*

County commissioners, being parties acting in a fiduciary capacity, have no authority in law to become parties to a reference under the act of May 14, 1874: Campbell v. Fayette Co., 127 Pa. 86.

Where the parties submit to a reference without objection and take the chance of an award in their favor, raising the question of the impropriety of the reference for the first time in the Supreme Court, the court would be slow to interfere on this ground.

Argued Feb. 3, 1892. Appeal, No. 134, Jan. T., 1892, by defendant, from judgment of C. P. Lehigh Co., Sept. T., 1889, No. 9, on award of referee in favor of plaintiff, William H. Bartholomew. Before PAXSON, C. J., GREEN, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover for printing sheriff's advertisement.

The facts appear by the opinion of the Supreme Court.

The referee, Evan Holben, Esq., having found in favor of the plaintiff, defendant filed, inter alia, the following exceptions, which were overruled by the referee:

" 2. The referee erred in not finding as a fact that sheriff Rabenold did not order and direct the publication of the election proclamation in the Valley Record, the plaintiff's newspaper." [2]

" 4. The referee erred in deciding as a fact and finding the county is estopped by the receipt of copies of the Valley Record at the commissioners' office." [3]

" 5. The referee erred in not deciding that the county could lawfully pay for the publication in four newspapers only, and that even if the sheriff ordered it in five papers, it would have been ultra vires as to the sheriff and the county; that to enforce such a contract would be against public policy; that there is no estoppel in setting up this defence by the county." [4]

The referee found in favor of the plaintiff and entered judgment accordingly. Defendant appealed.

*Errors assigned* were, inter alia, (2–4) not affirming defendant's exceptions, quoting them; (5) not entering judgment in favor of the defendant; (6) entering judgment in favor of

plaintiff ; (7) that the commissioners had no authority in law to submit the case, as they are persons acting in a fiduciary capacity.

*C. J. Erdman*, for appellant.—Even if ordered by the sheriff, the county is not liable for this advertising. The facts in the case of Eyster v. Rineman, 11 Pa. 147, were entirely different from those of this case.

No principle of implied ratification or estoppel could be applied in such a case as this to the prejudice of the taxpayers.

The submission to a referee by the county commissioners was without authority of law : Campbell v. Fayette Co., 127 Pa. 86.

*Harry G. Stiles, John D. Stiles* with him, for appellee, cited Eyster v. Rineman, 11 Pa. 147.

The sheriff by publishing the proclamation in *two* German papers exceeded his authority under the act. Objections to the submission and to the referee, taken when the case reaches this court, are too late : Guthrie v. Wilson, 40 Pa. 430 ; Burkholder v. Stahl, 58 Pa. 371 ; Paist v. Caldwell, 75 Pa. 161 ; Taylor v. Com., 44 Pa. 131.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892 :

This was an appeal from an award of a referee, appointed under the act of May 14, 1874, P. L. 166. Under that act the award of the referee becomes the judgment of the court. It is only proper to say, however, that the court had nothing to do with it.

The plaintiff was the proprietor of a newspaper, called " The Valley Record," published at Catasauqua, a borough in the county of Lehigh. He published the election proclamation for the general election in the fall of 1888, and brought this suit against the county of Lehigh to recover pay for such publication. It was among the conceded facts in the case that the sheriff had published said proclamation in four other newspapers of the said county, and had certified such fact to the county commissioners, who had paid for such publication in said four newspapers.

The referee found the fact that the sheriff had ordered the publication, as claimed by the plaintiff, and concluded, as a matter of law, that the county was liable to pay therefor. He

dismissed the exceptions, and entered judgment against the defendant.

The law upon this subject will be found in the act of June 13, 1885, P. L. 144, which defines the duty of the sheriff in the matter of advertising the general election proclamation as follows: " That it shall be the duty of the sheriff of every county in this commonwealth to give notice of the general election, by publication of the same, once a week, in not more than four weekly or daily newspapers, published in the county; one of the said newspapers to be published in the German language, in counties where such newspapers are published; the first insertion to be at least twenty days before the time such election is to be held; in counties of the commonwealth where no newspapers are published, the sheriff of any such county shall give notice of such general election by posters, to be posted in at least three public places in each election district, and at the place where such election is to be held."

As the referee has found that the sheriff authorized the publication, we must assume the fact to be so, and the case will be decided on that assumption. At the same time it is proper to observe that his finding of this fact is not free from criticism. He has adopted a portion of the plaintiff's own testimony as his finding of fact, notwithstanding its contradiction by the sheriff, corroborated by another disinterested witness. He also attaches considerable importance to the fact that copies of the advertisement were sent to the sheriff and the county commissioners, who did not protest against it. From this he concludes that they are estopped from objecting to the same. We regard this as a liberal application of the doctrine of estoppel. Conceding that the sheriff and county commissioners might, under such circumstances, be estopped as individuals, it does not follow that the taxpayers of Lehigh county are estopped by the unlawful acts, or by the negligence of their officers. This suit is against the county, and its taxpayers are only bound by what its officers have lawfully done. It is also proper to observe that the county commissioners have nothing to do with the selection of the newspapers, and that their consent, or failure to object, is of no importance.

The act of 1885, as will be seen, authorizes the publication of the election proclamation in only four newspapers. The

selection of such newspapers rests with the sheriff, and it is not in the power of that officer, or of the county commissioners, acting together or separately, to bind the county for such publication in more than four newspapers. If the sheriff could bind the county for the cost of publication in five newspapers, he could bind it for fifty, if so many were published in the county. Were we to hold a different rule, and sustain the judgment of the referee, it might lead to serious abuse. It ought to be understood by this time that municipalities are not to be bound by the unauthorized acts of their officers.

It was contended, however, that Eyster v. Rineman, 11 Pa. 147, sustains the opposite view. This is a mistake. That case merely decides that a bill for advertising a general election may be recovered in a suit against the county, and such suit need not be brought in the name of and by the sheriff. It was decided before the act of 1885, and no question was raised as to the number of newspapers in which the proclamation should be published. It is not authority, therefore, for the proposition that the county can be compelled to pay for the publication in five newspapers, when only four are authorized by law.

In this case the sheriff certified to the county commissioners the names of the four newspapers which he had authorized to publish the proclamation. This certificate was accompanied by his affidavit, and was conclusive upon the commissioners. They accordingly paid the four newspapers designated, as it was their duty to do.

It was contended, however, that when the sheriff gave the order of publication to the plaintiff, the latter was not bound to inquire of that officer whether he had previously selected four other newspapers for the publication of the proclamation. If we concede this to be so, it does not affect the case. If the sheriff exceeded his authority, it is a question between the plaintiff and that officer, and one in which the county of Lehigh has no concern.

The contention that the sheriff published the proclamation, in two newspapers in the German language, while the act of 1885 refers only to one such newspaper, does not rise to the dignity of an argument. If there should be a county in which no English newspapers are published, this view of the case

might limit the publication of the proclamation to one newspaper only.  The object of the act of 1885 was not to limit the publication to one German newspaper, but to require the publication in at least one such newspaper, if any such are published in the county.

The further point was made that the commissioners had no authority in law to submit the case to a referee, as they were persons acting in a fiduciary capacity.  If this point had been taken in the court below, we would have reversed the case for this reason, and set aside the reference, under the authority of Campbell v. Fayette County, 127 Pa. 86.  In that case the point was made in the court below, the award set aside, and the reference vacated by the court.  Upon a writ of error to this court, this action of the court below was sustained.  But where the parties submit to a reference without objection, and take the chance of an award in their favor, and raise the question for the first time here, we would be slow to interfere. This case is reversed upon other grounds.

Judgment reversed.