## The Wilkes–Barre Record, Appellant, v. The County of Luzerne.

*Public Officers—Sheriff—Advertisement of Elections—" General Election " Defined—Statutes.*

The sheriff is not authorized or required to give notice by advertisement of the annual spring municipal election as provided in sec. 10 of the Act of June 26, 1895, P. L. 392, for, in cases of general elections, such municipal elections are not general elections within the meaning of said section.

Submitted Jan. 12, 1898.    Appeal, No. 29, Jan. T., 1898, by plaintiff, from judgment of C. P. Luzerne Co., Oct. T., 1897, No. 525, on verdict for defendant.    Before RICE, P. J., WICKHAM, BEAVER, ORLADY, SMITH and PORTER, JJ.    Affirmed.

Case stated.    Before BENNETT, J.

The following facts were agreed upon in the case stated as if the same had been found by special verdict for the opinion of the court.    The plaintiffs were proprietors of a daily newspaper published at Wilkes-Barre.    On February 6, 1897, the sheriff gave notice of the election required by law to be held on the third Tuesday of February of that year in the cities of Luzerne county, by advertisement in certain newspapers, including plaintiff's paper, without a special contract as to rate or amount of compensation therefor, and without advertisement by the county controller for bids, nor direction by the county commissioners to the controller to so advertise.    That the requirements of law have been observed by the sheriff as to the contents of said proclamation, assuming the same to be authorized by law with respect to the February election; as to the number and political character of the papers in which, and the period during which the same was published, assuming as aforesaid; that the sum charged by the plaintiff as the price thereof, to wit, $177.66, is reasonable and just, assuming as aforesaid.

The court below entered judgment in favor of defendant. Plaintiff appealed.

*Error assigned* was entry of judgment for defendant.

*George S. Ferris*, for appellant.

*G. L. Halsey*, for appellee.

OPINION BY BEAVER, J., February 19, 1898:

The tenth section of the Act of June 26, 1895, P. L. 392, devolves a duty upon the sheriff of every county, for the discharge of which he alone is responsible, and in the making of the contracts for the discharge of which he has sole authority. The tenth section of the Act of June 27, 1895, P. L. 403, relates exclusively to contracts made by the commissioners and has nothing whatever to do with the contracts for advertising provided for in the previous act. From the decision of the court below upon this point there is no appeal. Both parties to the case stated assent to it.

We have, therefore, to do only with the one question remaining: Is it the duty of the sheriff of every county, in which there are cities of the first, second or third classes, to give notice of the annual municipal or February or Spring election, by advertisement in at least three newspapers, as provided in section ten of the act of June 26, supra? In other words, is the said February election a general election within the meaning of the said section? Section 2 of article 8 of the constitution of the commonwealth provides that: "The general election shall be held annually on the Tuesday next following the first Monday of November" and the third section of the same article that " All elections for city, ward, borough and township officers for regular terms of service shall be held on the third Tuesday of February." The distinction is here clearly made between what is known, in common parlance, as the fall and the spring elections, and it is to be presumed that in all laws relating to the subject the legislature, in legislating upon the general subject observes the distinction so clearly preserved in the constitution, unless the contrary clearly appears. This constitutional distinction is in ordinary, popular use, and our elections are known as general, municipal or local and special.

It is argued, however, that the legislature intended, by said act, to apply the term general elections to municipal elections, and to require advertisement for such elections, as provided in the tenth section of the act of June 26th, supra, so far as cities

are concerned.    The argument is based upon the peculiar phraseology of the first sentence of said section, which provides that "It shall be the duty of the sheriff of every county, at least ten days before any general election to be held therein, except borough and township elections, to give notice of the same," etc., and it is urged that the lawmakers did not intend to except from a class what would not in their view otherwise belong to it; but this, in our opinion, draws too nice a distinction and gives a more critical meaning to the word "except" than was in the mind of the legislature.    The evident intention was to exclude municipal elections, and the phrase was used out of superabundant caution.

The effect of the construction claimed would be to require the counties at large to pay for advertising the municipal election for the cities which were contained within the limits of such counties, although no such advertisements were required for the boroughs and townships thereof.    We cannot believe that such was the intention of the legislature and, inasmuch as the construction which is claimed for this section by the appellants would require us to give an interpretation to the term "general election" different from that which is contained in and recognized by the constitution, and is in general use among the people, we feel constrained to hold, with the court below, "that the sheriff not being authorized or required to give notice by advertisements, as it is set forth he did in the case stated, the plaintiff is not entitled to recover from the defendant for the printing in question."

Judgment affirmed.