# E. F. Bogert v. County of Luzerne, Appellant.

*Sheriff's duty as to notice of election—Act of 1893.*

A sheriff is only authorized under the Act of June 10, 1893, P. L. 419, sec. 10, to give notice of a general election in one of two ways, that is either (1) by proclamation duly posted, or (2) by advertisement in at least two newspapers.   The sheriff having completed a contract for advertisement exhausted his powers and the liability of the county was fixed.   The fact that he subsequently gave notice by posting and the county improperly paid the bill therefor cannot defeat a right to recover for the cost of the advertising.

Argued Jan. 10, 1900.   Appeal, No. 51, Jan. T., 1900, by defendant, from judgment of C. P. Luzerne Co., May T., 1896, No. 783, dismissing exceptions to referee's report in favor of plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ.   Affirmed.   Opinion by ORLADY, J.

550        BOGERT *v.* LUZERNE COUNTY.

Statement of Facts—Opinion of the Court. [13 Pa. Superior Ct.

Exceptions to referee's report. Before WOODWARD, P. J.

It appears from the record that an action of assumpsit was brought by plaintiff against the commissioners of Luzerne county to recover the sum of $486 for advertising the general election in pursuance of a contract made with the sheriff of Luzerne county. The referee found as a fact that the sheriff of Luzerne county directed the plaintiff to publish in his newspaper a proclamation of the general election to be held in November, 1894; that such publication was made in accordance with such directions; that it was not published in any other newspaper than that published by the plaintiff; that after the contract for printing had been made, the sheriff posted in the various election districts of the county hand bills containing his proclamation of the general election of November, 1894, for which he received pay from the commissioners amounting to $126. The referee reported in favor of the plaintiff the amount of $486 with interest from December 3, 1894.

Exceptions to this report were dismissed by the court.

*Error assigned* among others was (3) in dismissing defendant's fifth exception to the referee's report, the said exception being as follows: "5. The learned referee erred in his fourth conclusion of law, which is 'that under the evidence and law of this case, judgment should be entered for the plaintiff and against the defendant for $486, with interest from December 3, 1894, and the prothonotary will so enter such judgment unless exceptions be filed thereto.'"

*George S. Ferris*, for appellant.—No authority should be needed for the proposition that he who contracts with a public official does so at his peril and is bound to inquire into the power of the officer to make the contract. Such authority, however, may, if desired, be found in Wilkes-Barre Record v. Luzerne Co., 6 Pa. Superior Ct. 600, Burnett v. Mercer Co., 3 Pa. Dist. Repr. 397, and Hague v. Phila., 48 Pa. 527.

In Burnett v. Mercer County, 3 Pa. Dist. Repr. 379, we have a case under the act of 1893, the same governing the present contention. The action was by the sheriff for fees for posting election proclamations where the county had already paid for. publishing the same in newspapers.

In the case at bar, the sheriff elected to publish by posting notices. The county has already paid him for the compensation of special deputies employed for that purpose, and cannot now be made to pay for advertising in the alternate method also, even if the sheriff had published in two newspapers instead of only one.

*John T. Lenahan*, for appellee.—These publications are made county charges by the act of June 10, 1893, the 1st section of which provides that all costs and expenses attending the enforcement of the act are charged on the county: Eyster v. Rineman, 11 Pa. 147; Burnett v. Mercer County, 3 Pa. Dist. Repr. 379.

The case at bar is clearly distinguishable from Bartholomew v. Lehigh Co., 148 Pa. 82, in this: that in Bartholomew v. Lehigh County the sheriff had only authority under the Act of June 23, 1885, P. L. 144, to order the publication of his proclamation in four newspapers, while it was advertised in five.

In the case at bar the sheriff elected to give notice of the general election by publishing his proclamation in newspapers, and in pursuance of that election he made the contract with the plaintiff.

OPINION BY ORLADY, J., April 23, 1900:

This action of assumpsit was brought by the plaintiff, a newspaper publisher, to recover from the defendant for publishing a sheriff's proclamation of the general election for 1894. After the cause was at issue, it was referred, under the provisions of the Act of April 6, 1869, P. L. 725, and its supplements, to a referee who filed a report, under which a judgment was entered in favor of the plaintiff.

It is admitted by the defendant that the general election proclamation for 1894 was published by the plaintiff in his newspaper under the direction of the then sheriff of the county. The sole defense to payment of the claim was that the same sheriff " posted in the various election districts of the county handbills containing his proclamation of the general election of that year, for which he received pay from the county amounting to $126 ; " and under the Act of June 10, 1893, P. L. 419, sec. 10, the sheriff is authorized only to give notice of the gen-

eral election in one of two ways: 1. By proclamation posted up in the most public places in every election district. 2. By advertisement in at least two newspapers. It is urged that he cannot do both, therefore, the county having paid the sheriff for giving the notice by posting the proclamation, is not liable for the cost incident to following the other method. The contract for printing in the newspaper had been made and completed before the handbills were printed. The sheriff was authorized by the statute to make the contract, and when the work was done pursuant to that contract the liability of the county was fixed, so that by his subsequent conduct he could not destroy the plaintiff's right to recover, moreover, for thirteen days before the bill for posting was paid by the county commissioners they had notice of the plaintiff's claim.

In the light of the facts the payment of the bill for posting was not proper, and the county cannot successfully urge the mistake of the commissioners in order to defeat payment of the prior bill for publishing in the newspaper. In Bartholomew v. Lehigh County, 148 Pa. 82, the sheriff's authority to order the publication of his proclamation was exhausted when he ordered it to be published in four newspapers; the order to publish in the fifth one being without any authority under the statute. The duty and power of the sheriff are fixed by the act of assembly, and when, under the order of the sheriff, the notice by proclamation was given by advertisement in a newspaper, his duty and power were fully discharged. The county commissioners had full control over the payment of each bill and were bound to know that both should not be paid. They made choice of the wrong creditor.

The judgment is affirmed.