## Graham *v.* Schuylkill County.

*Election laws—Advertisements of elections—Authority of sheriff to bind county.*

The Act of June 26, 1895, P. L. 392, makes it the duty of the sheriff to give notice of general elections by advertisements in at least three news-papers, if there be so many published in the county.  Subject to the limita-tions expressed in the act the discretionary power to select the newspapers is vested exclusively in him.  In contracting for the publication of the election proclamation, he acts as the agent of the public, and the county is directly liable to the publishers for the advertising expenses thus in-curred.

If the sheriff exceeds his authority, the county is not liable, but the limits of his authority, so far as the selection of the newspapers is concerned, are prescribed by the statute, and cannot be narrowed or enlarged by any ac-tion of the county commissioners.

*Election advertisements—Sheriff—County commissioners — Expense of publication.*

As the sheriff has authority to publish the election proclamation in newspapers of his selection without consultation with the county commissioners, it necessarily follows that he has authority to subject the county to liability for the reasonable expenses of the publication without their consent. The publisher may recover from the county without showing that a price has been fixed or agreed upon by the county commissioners.

Not decided whether or not the county could defend upon the ground that the price agreed upon by the sheriff when the printing was ordered was exorbitant or unreasonable.

*Practice, C. P.—Case stated—Appeals—Reservation of right to appeal.*

An appeal can only be taken from a judgment on a case stated where the parties reserve a right to appeal.

Submitted Dec. 6, 1900.   Appeal, No. 123, Oct. T., 1900, by defendant, from judgment of C. P. Schuylkill Co., May T., 1900, No. 380, for plaintiff on case stated in case of D. M. Graham v. Schuylkill County.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Case stated to determine liability of county for expenses of advertising election proclamation.

The case stated was as follows:

" On April 21, 1900, the Daily American secured judgment against the county of Schuylkill for $51.00, a balance alleged to be due the said Daily American on account of the publication of the sheriff's proclamation in the said Daily American of Mahanoy City for the November election in November, 1899, at the order and request of John Toole, high sheriff of Schuylkill county, at the price fixed by the said sheriff of $150.

" The commissioners of Schuylkill county appealed from said judgment and claim, and hold that the sheriff of Schuylkill county simply directed under the several acts of assembly to make publication and give notice in accordance with law of the said general election of 1899 and all other years ; that he had no power or authority to fix the price or compensation for the same ; that the commissioners have the sole power to contract for and fix the price of any and all necessary and lawful expenses of the county and especially of publications of this kind; that the commissioners paid the said Daily American $99.00 for the said publication of the said election proclamation ; the said

182    GRAHAM v. SCHUYLKILL COUNTY.

Statement of Facts—Opinion of the Court. [16 Pa. Superior Ct.

Daily American reserving the right to sue for the balance, to wit: $51.00, the amount of the judgment aforesaid.

"Therefore, the undersigned, counsel for the Daily American, and the county of Schuylkill, pray the court to determine whether or not the sheriff has the right to fix the price for publishing the same, or whether or not the commissioners of Schuylkill county are the proper authority to contract for and fix the price of said publication."

The court entered judgment for plaintiff on case stated.

*Error assigned* was in entering judgment for plaintiff on case stated.

*C. A. Snyder*, for appellant, cited: Vankirk v. Clark, 16 S. & R. 290; Schwamble v. Sheriff, 22 Pa. 19; Wilkes-Barre Record v. Luzerne County, 6 Pa. Superior Ct. 600.

*John L. Stauffer*, for appellee, filed no paper-book.

OPINION BY RICE, P. J., January 22, 1901:

The Act of June 26, 1895, P. L. 392, makes it the duty of the sheriff to give notice of general elections by advertisements in at least three newspapers, if there be so many published in the county. Subject to the limitations expressed in the act the discretionary power to select the newspapers is vested exclusively in him. In contracting for the publication of the election proclamation, he acts as the agent of the public, and the county is directly liable to the publishers for the advertising expenses thus incurred: Eyster v. Rineman, 11 Pa. 147. If the sheriff exceeds his authority, the county is not liable, but the limits of his authority, so far as the selection of the newspapers is concerned, are prescribed by the statute, and cannot be narrowed or enlarged by any action of the county commissioners. Upon this subject Chief Justice PAXSON said: "It is also proper to observe that the county commissioners have nothing to do with the selection of the newspapers, and that their consent, or failure to object, is of no importance:" Bartholomew v. Lehigh Co., 148 Pa. 82. The same doctrine has been recognized and applied in our own cases: Wilkes-Barre Record v. Luzerne Co., 6 Pa. Superior Ct. 600; Bogert v.

Luzerne Co., 13 Pa. Superior Ct. 549. We may also refer to the analogous cases where it has been held, that a coroner, as a public agent, has authority to employ a physician to make a post-mortem examination, that the latter is entitled to recover from the county a reasonable compensation, and that the county commissioners have no power to employ a surgeon at a fixed salary to perform such services and thereby preclude the coroner from selecting a proper person in the exercise of his discretion: Allegheny Co. v. Watt, 3 Pa. 462; Allegheny Co. v. Shaw, 34 Pa. 301; Northampton Co. v. Innes, 26 Pa. 156.

But although the defendant's counsel concedes that the sheriff has power to designate the newspapers, he strenuously contends that the power to fix the price that the publisher is to receive is vested exclusively in the county commissioners. We are unable to assent to this proposition. If, as is clearly the case, the sheriff has authority to publish the election proclamation in newspapers of his selection without consultation with the county commissioners, it necessarily follows that he has authority to subject the county to liability for the reasonable expense of the publication without their consent. In other words, the publisher may recover from the county without showing that a price has been fixed or agreed upon by the county commissioners. As was said in Commissioners v. Hall, 7 Watts, 290, " the law which gives the power to order, implies the promise to pay, and it will certainly not be asserted that county commissioners are bound by nothing less than an express contract." Whether or not the county could defend upon the ground that the price agreed upon by the sheriff when the printing was ordered was exorbitant or unreasonable is a question not fairly raised in this case. It might have been the duty of the county commissioners to set up that defense if there was evidence to warrant it; but it is not alleged in the case stated, and no facts are alleged from which it is to be inferred. It is not even alleged that the county commissioners dispute the reasonableness of the charge. They put their defense upon the ground that it was not fixed or agreed upon by them. This, standing alone, was not a defense to the action.

Before concluding we deem it our duty to remark, that the form of this case stated is not one that may safely be followed as a precedent, if it is desired to obtain a review on appeal,

See Fuller v. Trevoir, 8 S. & R. 529, Knisely v. Shenberger, 7 Watts, 193, Altoona v. Irvin, 3 Penny. 115, Com. v. Callahan, 153 Pa. 625, and Marbaker v. Matson, 3 Walker, 506. It is only by assuming, perhaps unwarrantably, that a right of appeal was reserved in a paper filed of record which has not been printed, that we are justified in reviewing the case.

Judgment affirmed.