# Commonwealth ex rel. Henry F. Menges and Camilla Menges, Appellants, *v.* C. W. Huttel, constable.

*Actions—Mandamus - Landlord and tenant - Exemption appraisement.*

A mandamus will not lie to compel a constable, charged with the execution of a landlord's warrant, to have an appraisement made of goods elected to be retained by the tenant under the $300 exemption law of April 9, 1849, P. L. 533, except, possibly, in cases where the ordinary remedies would be wholly inadequate. In the case at bar no facts are alleged which make this case exceptional.

*Practice, C. P.—Actions—Mandamus—Parties.*

Except where the writ of mandamus is sought to enforce a public duty or a duty affecting a particular public interest of the state the proceeding, like an ordinary action, is prosecuted in the name of the party instituting it as plaintiff and not in the name of the commonwealth as formerly.

*Mandamus—Impropriety of joining separate interests—Practice, C. P.*

Where the distinct rights of two or more persons are improperly joined, a writ of mandamus is liable to be either superseded or quashed. There should be several writs according to the several interests.

Argued Dec. 9, 1896. Appeal, No. 161, Nov. T., 1896, by plaintiffs, from decree of C. P. Northampton Co., quashing writ of mandamus. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Motion to quash mandamus. Before SCHUYLER, P. J.

The petition of the relators disclosed a landlord's warrant against Henry F. Menges for recovery of alleged claim for rent which had been placed in the hands of C. W. Huttel, a constable, upon which he had distrained upon personal property; that Camilla Menges claimed ownership of part of the property and Henry F. Menges part of the property and neither of them signed any lease or waived the exemption to which they are entitled under the laws of this commonwealth; that they immediately claimed the benefit of the exemption law and informed said constable in writing of their said claim; that the constable had refused to allow the exemption; that if the constable sells the property it will cause the petitioners great damage; that he has removed all of said goods from the premises and retains forcible possession of the same to the great injury and damage of the relators; that the relators are advised under section 2 of the act of April 9, 1849, upon demand made by them, that it becomes the duty of the constable to appraise the exemption they are entitled to out of the said property and they are further advised that the constable cannot be indemnified to sell their exempted property; that they are without other adequate and specific remedy at law and therefore pray for a peremptory mandamus directing the constable to make appraisement of the said exempted property so that they may retain what is exempted to each under the provisions of the act of April 9, 1849.

The motion to quash the writ stated the following reasons:

The application for mandamus includes two separate and distinct cases, without a joint interest.

The writ only issues where there is a clear and specific right to be enforced, and the record does not show what right the wife had, she being a stranger.

The record must show a right to have the thing done, but the thing sought to be done is that the constable shall give each of the relators his and her exemption, which is an absurdity.

The petition must show on its face that the relator has no

other specific or legal remedy, whereas the relators or either of them has a remedy by an action of trespass or replevin.

The writ must show that it was within the power of defendant to do the act in question, but the petition fails to show that the defendant did not disclaim ownership of the goods, and further to show that the goods levied on were not the goods of a stranger so as to put it in the power of the constable to appraise the exemption.

The constable acting under a landlord's warrant cannot be compelled to allow the exemption by mandamus.

The court, SCHUYLER, P. J., quashed the writ and dismissed the petition in the following opinion:

On the relators' own showing they have an adequate remedy at law by writ of replevin or action of trespass and their petition should be dismissed for that reason alone. If there are any peculiar facts in their case which would render these remedies ineffectual, such facts being jurisdictional, should have been set forth in their petition. Nor can we see upon what principle the wife is joined as corelator. The landlord's warrant was against the husband alone, and he alone would be entitled to the exemption. But even if the wife was also entitled to an exemption on the theory that a portion of the property levied upon belonged to her, still, her rights being separate and distinct from those of her husband would call for a separate and distinct remedy for their enforcement.

*Errors assigned* were (1) entering the order and decree quashing the writ and dismissing the petition; (2) refusal to order defendant to file his return to the writ of mandamus.

*William C. Loos*, for appellants.—It is clear that the mandamus lies against the constable under such conditions as are disclosed in this case: Com. v. Johnson, 2 Binn. 275.

The bond indemnifying him to commit the trespass of taking exempted property is void: Freeman v. Smith, 30 Pa. 264.

It will not do to say that because husband and wife join in the petition for relief that this is a joint action: Com. v. Johnson, 2 Binn. 275.

Mandamus is the proper remedy: Century Co. v. Phila., 176

Pa. 588; Com. v. Bunn, 71 Pa. 405; Taylor v. Com., 103 Pa. 97; Gemas' License, 169 Pa. 43.

The words "in possession of the debtor" apply to tenants claiming against distresses for rent: Huey's Appeal, 29 Pa. 219; Eberhardt's Appeal, 39 Pa. 509.

*W. E. Doster*, for appellee.—The remedy of a tenant claiming exemption against a landlord's warrant, and being denied, is by the action of trespass: Wilson v. Ellis, 28 Pa. 238; Vandressor v. King, 34 Pa. 201.

If goods have been improperly distrained, the remedy provided by the act of 1772, is by replevin: Machine Co. v. Spencer, 147 Pa. 466; Brown v. Stackhouse, 155 Pa. 582.

Goods of a stranger found on the demised premises are liable to distress for rent: Kessler v. McConachy, 1 R. 435; Price v. McAllister, 3 Gr. 248; Karns v. McKinney, 74 Pa. 389; Kleber v. Ward, 88 Pa. 93.

Only those who are capable of joining in an action can join in an application for mandamus; and if it be made jointly by persons whose rights are several, the writ must be quashed: Tapping on Mandamus, p. 324; Lengel v. Stump, 1 Woodward's Rep. 399.

OPINION BY RICE, P. J., March 17, 1897:

The first question in this case is, whether mandamus will lie to compel a constable, charged with the execution of a landlord's warrant, to have an appraisement made of goods elected to be retained by the tenant under the three hundred dollar exemption law. It should be noticed that the appraisement sought to be enforced is that provided for by the second section of the Act of April 9, 1849, P. L. 533, and not the appraisement contemplated by the landlord and tenant Act of March 21, 1772, 1 Sm. L. 370.

No precedent, in Pennsylvania, has been cited, and we have been able to find none, where the remedy by mandamus has been applied in such a case. This is not a conclusive argument against it, but it is not without weight. The manifest inconvenience which would result if it were to be held an appropriate proceeding against a mere bailiff for the determination of the manifold disputes arising out of claims for exemption on dis-

tress for rent is a still stronger argument why it should not be recognized, except, possibly, in cases where the ordinary remedies would be wholly inadequate. No facts are alleged in the petition which make this case exceptional.

But aside from this, the general rule is, that two or more persons having separate interests seeking redress by mandamus cannot join in one and the same writ, but should have separate writs according to their several interests: 14 Am. & Eng. Ency. of Law, 219. Where the distinct rights of two or more persons are improperly joined, the writ is liable to be either superseded or quashed: Tapping on Mandamus, 324. In this case the landlord's warrant issued against Henry F. Menges. Camilla claimed part of the goods distrained, and joined in the petition praying for a mandamus directing the defendant to proceed to make the appraisement " so that your petitioners may retain what is exempted to each of them" etc. Even if she had a standing to demand an appraisement and setting apart to her of the goods claimed by her, she asserts a separate and distinct right. It may be that she has no such right, but it is enough for us to know that she asserts it, and according to the rule above stated should have prosecuted it in a separate suit. As the objection was made promptly the court committed no error in sustaining it.

We remark, although we do not at all rest the judgment on that ground, that except where the writ is sought to enforce a public duty or a duty affecting a particular public interest of the state the proceeding, like an ordinary action, is prosecuted in the name of the party instituting it as plaintiff, and not in the name of the commonwealth as formerly. Act of June 8, 1893, P. L. 345, sec. 4. This provision was overlooked in the present case.

The decree is affirmed, and the appellants are directed to pay the costs.