## Commonwealth *v.* Kilpatrick, Appellant.

*Criminal law—Murder—Elements of murder of the first degree.*

A conviction of murder of the first degree will be sustained where the evidence shows that prior to the killing the prisoner procured a pistol, threatened to let his victim's "blood out on the street," and finally fired the pistol at a vital part.

*Criminal law—Murder—Insanity—Burden of proof.*

On the trial of an indictment for murder where the defense is insanity, the burden of proving insanity is upon the prisoner. In such a case an instruction that the jury must be " satisfied that the defendant was insane when he committed the act," is proper, since it tends to call the attention of the jury to the distinction between the degree of proof required of the prisoner on that subject, and the requirement on the commonwealth to satisfy the jury of the prisoner's guilt beyond a reasonable doubt. The instruction is in aid of the prisoner's case.

Argued Nov. 10, 1902. Appeal, No. 280, Jan. T., 1902, by defendant, from judgment of O. & T., Del. Co., March T., 1902, on verdict of guilty of murder in the first degree in case of Commonwealth v. Robert Kilpatrick. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Indictment for murder.

The opinion of the Supreme Court states the case.

Verdict of guilty of murder of the first degree.

*Errors assigned* were :

1. Under all the evidence the defendant should have been acquitted on the ground of insanity.

2. Under all the evidence the defendant should not have been convicted of a greater crime than murder in the second degree.

3. The learned court below erred in charging the jury as follows : "If you are satisfied that the defendant was insane when he committed this act, insane to the extent that he was irresponsible, you should acquit him on the ground of insanity."

*John M. Broomall,* for appellant.

*Josiah Smith,* district attorney, for appellee, was not heard.

PER CURIAM, November 11, 1902:

The undisputed facts of the killing, the procuring of a deadly weapon, the threats to let the victim's "blood out on the street" and finally the firing of the pistol at a vital part, furnish all the elements of murder of the first degree, in regard to which this court is charged by the Act of February 15, 1870, P. L. 15, to review the evidence.    The effect of the evidence was for the jury, not for the court.

The only defense was insanity and that also was for the jury. The burden of proof was upon the prisoner, and there was no error in so charging.    The judge's language that the jury must be "satisfied that the defendant was insane when he committed the act" tended to call the attention of the jury to the distinction between the degree of proof required of the prisoner on that subject and the requirement of the commonwealth to satisfy the jury of the prisoner's guilt beyond a reasonable doubt.    The expression was in aid of the prisoner's case and could not have been reasonably understood in any other sense.

Judgment affirmed and record remitted to the court below for execution according to law.