# Commonwealth ex rel. *v.* Tice, Appellant.

*Municipalities—Controller—Refusal to countersign warrant— Ministerial capacity—Approval of bill for legal services by council —Presumption—Mandamus—Return, sufficiency of averments— Specific remedy at law—Attorney-at-law—Contract to lowest bidder.*

1. In the absence of fraud, the validity of a claim for legal services approved by the council of a municipality, cannot be questioned by the controller. The presumption is that the mayor and council properly perform their duties.

2. It is not necessary for an attorney-at-law to present an itemized bill for legal services rendered to a municipality, and this is specially the case when they are rendered in the preparation and trial of a single case.

3. In doing the routine work of passing accounts, countersigning warrants, etc., the controller acts in a ministerial capacity, and may be compelled to perform such duty by mandamus.

4. Where a warrant is presented to a controller thirty days before the return to a writ of mandamus, an averment in the return that there is at the present time no money in the treasury legally

applicable for the payment of the same, is insufficient, as there may have been money in the treasury when the warrant was presented.

5. In a mandamus proceeding to compel a city controller to countersign a warrant approved by councils, an averment of an adequate and specific remedy at law cannot be sustained.

6. A statute requiring municipal contracts for supplies, etc., to be let to the lowest responsible bidder, is not applicable to an employment for legal services.

Argued October 21, 1921. Appeal, No. 18, Jan. T., 1922, by defendant, from order of C. P. Northampton Co., Feb. T., 1920, No. 34, sustaining demurrer to return to writ of mandamus, in case of Commonwealth ex rel. Owen J. Roberts v. Victor E. Tice, City Controller of the City of Bethlehem. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Petition for writ of mandamus. Before McKEEN, J.

The opinion of the Supreme Court states the facts.

The court sustained a demurrer to return to writ. Defendant appealed.

*Error assigned,* inter alia, was order, quoting it.

*George R. Booth,* for appellant.—It is plainly the duty of the controller with due discrimination to determine what "objects" are "authorized by law" for the appropriation of the city's money, and he is guilty of a misdemeanor in office if he does not do so: Dechert v. Com., 113 Pa. 229.

No public official can be mandamused to do a wrongful or illegal act: Edison Electric Co. v. Jacobs, 8 Kulp 120; Sterrett v. Elect. Rep. Co., 3 Pa. C. C. R. 553; Runkle v. Com., 97 Pa. 328; Dechert v. Com., 113 Pa. 229.

A mandamus was not properly issued in this case because plaintiff had an adequate and specific remedy at

law: Com. v. George, 148 Pa. 463; Com. v. City Controller, 7 Phila. 29; Com. ex rel. Tower v. Thompson, 86 Pa. 442; Com. ex rel. Century Co. v. Phila., 176 Pa. 588; Carlisle School Dist. v. Humrich, 18 Pa. C. C. R. 322; Reading v. Com., 11 Pa. 196.

*Dallett H. Wilson,* with him *Robert A. Hamilton,* for appellee.—Mandamus lies to enforce the performance by public officers of ministerial as distinguished from discretionary duties: Vare v. Walton, 236 Pa. 467; Com. ex rel. v. Repp, 242 Pa. 240.

The action of the mayor and city council in approving the bill of Owen J. Roberts, and making proper provision for the payment thereof, created a valid debt of the City of Bethlehem: Phila. v. Flanigen, 47 Pa. 21; Phila. v. Johnson, 47 Pa. 382; Silsby Mfg. Co. v. Allentown, 153 Pa. 319.

The duties of the controller in cities of the third class as to the countersigning of warrants are ministerial only: Com. ex rel. v. George, 148 Pa. 463; Flick v. Harpham, 3 Pa. Dist. R. 568.

The return of the city controller is insufficient to prevent the issuance of a peremptory writ of mandamus: Kell v. Rudy, 1 Pa. Superior Ct. 507; Douglas v. McLean, 25 Pa. Superior Ct. 9.

The only mode of paying demands against a city is by warrants drawn by the proper city authorities upon the city treasurer.

OPINION BY MR. JUSTICE WALLING, January 3, 1922:

Bethlehem is a city of the third class and the assessment made in 1918 of its real estate, for city tax purposes, gave such dissatisfaction that it resulted in over seven hundred appeals and also in the filing of a bill in equity to restrain the collection of the city's entire tax levy. At the request of the city solicitor, the council, by unanimous action, employed the relator, Owen J. Roberts, Esq., of the Philadelphia Bar, to assist in the

defense of the equity suit, which, after several months' litigation, was won by the city. Thereafter, the relator presented a bill of $8,000 for his services, which was approved by the city solicitor, the mayor and council. The latter by unanimous resolution authorized and directed the superintendent of accounts and finance to borrow the amount on the credit of the city, and, with like unanimity, duly enacted an ordinance appropriating $8,000 to the payment of the bill in question. This being done, the superintendent of accounts and finance drew a warrant upon the city treasurer for the payment thereof and presented it to the defendant as city controller to examine, audit and settle the account and countersign the warrant. This the controller refused to do and called for an itemized statement of the relator's services and proof of their value, etc. Thereupon, the relator filed his petition in this case praying for a writ of mandamus commanding the controller to perform the services in question. The latter filed his return, but plaintiff's demurrer thereto was sustained by the trial court, from whose order awarding a writ of peremptory mandamus defendant brought this appeal.

The amount of compensation for the services rendered was not fixed in advance, and defendant avers it is not his duty to audit the account, or countersign the warrant, until fully satisfied from evidence furnished by plaintiff that the amount is just, proper, legal and reasonable; also that in such cases the controller acts in a judicial capacity and is not subject to mandamus. Neither contention is tenable. The council is the governing body of the city (City of Philadelphia v. Flanigen, 47 Pa. 21), and, in the absence of fraud, which is not here alleged, the controller cannot challenge the validity of a claim duly allowed by that body; otherwise he would be above the council and could in effect veto their acts. There is a presumption, not here rebutted, that the mayor and council properly performed their duties: 2 Dillon on Municipal Corporations (5th

ed.), p. 1294, section 855. Moreover, that in doing the routine work of passing accounts, countersigning warrants, etc., the controller acts in a ministerial capacity and may be compelled to perform such duty by mandamus has been repeatedly decided by this court. In Com. ex rel. v. Phila., 176 Pa. 588, 592, the controller refused to countersign the warrant for payment of books purchased by the board of education because of the alleged improvidence of the contract. Mr. Justice MITCHELL, speaking for the court, says (p. 592) : "What books, including what bindings are suitable for the public school service is not to be determined by him [the controller] but by the board of education. He is not intrusted with the duty of making, or even of supervising the contracts of other departments. He is the city's head bookkeeper, and his office is to see that the various departments do not exceed their appropriations, nor apply them to purposes not within their proper scope. To this end, he is clothed with very large powers of examination and investigation, and a large measure of discretion, but they do not extend to the revision of lawful contracts made by other departments within their proper sphere. This reason presents no excuse whatever for refusal to countersign the warrant." This is expressly reaffirmed in Com. ex rel. v. Larkin, 216 Pa. 128, where, in delivering the opinion of the court, our late Brother STEWART adds, "If the contract be on its face regular, and the requirements of the statutes in connection therewith have been fully met, the controller is without choice in the matter; it becomes at once his duty in such cases to number the contract according to its date, charge it against the proper item of appropriation, and certify it accordingly. No opinion or so-called discretion of the controller can justify him in withholding his certificate from such a contract." Com. ex rel. v. Walton, 236 Pa. 220, holds that where the mayor and council have directed expenditures for matters within their jurisdiction, the city controller cannot

refuse to countersign warrants drawn in payment thereof; to like effect is Vare v. Walton, 236 Pa. 467. In Com. ex rel. v. Pittsburgh, 183 Pa. 202, Com. v. Kilpatrick, 204 Pa. 218, and Com. ex rel. v. Pittsburgh, 206 Pa. 379, the city controller was compelled by mandamus to countersign warrants for the payment of claims against the city when approved by the proper authorities. See also Nicely v. Raker, 250 Pa. 386. The duty of the city controller to countersign contracts is also ministerial and will be enforced by mandamus: Com. ex rel. v. George, 148 Pa. 463.

In view of these conclusive authorities we deem it unnecessary to review the various statutes relating to city controllers. Here, plaintiff had an admittedly valid claim against the city for legal services, the only question being the amount, and that was adjusted when council accepted his bill and ordered it paid. The advisability of recognizing, or adjusting, the amount of a valid claim against the city rests with the council: see Doverspike v. Magee, 51 Pa. Superior Ct. 525. It is not necessary for an attorney to present an itemized bill for his services (Com. v. T. & M. Bank of Pittsburgh, 246 Pa. 519), especially when rendered in the preparation and trial of a single cause. The responsibility of adjusting the amount of plaintiff's fees rested upon the city council, and the fact that defendant was not satisfied the amount was reasonable afforded no justification for his refusal to countersign the warrant.

The warrant was presented to defendant for his signature thirty days before he made his return to the writ of mandamus, and, while the return avers, "there is at the present time no money in the treasury of the City of Bethlehem legally applicable for the payment of the same," no averment is made that such money was not in the treasury when the warrant was presented to him, and that was the important fact; hence, there is no sufficient averment of lack of funds in the treasury to excuse defendant's failure to countersign the warrant.

The petition avers the lack of other and specific remedy at law; this is denied in the return and raises a legal question.  What plaintiff seeks is the performance of an affirmative act by the defendant; this could not be secured by an action at law against the city.  In fact, such action would be vain, inasmuch as the proper city authorities have approved plaintiff's bill and directed its payment; therefore, the averment of another adequate and specific remedy at law cannot be sustained.

The statute requiring that municipal contracts for supplies, etc., be let to the lowest responsible bidder manifestly is not applicable to an employment for legal services.

The assignments of error are overruled and the order, entering judgment for the relator on the demurrer to the return and directing that a peremptory mandamus issue, is affirmed at the cost of appellant.