# Commonwealth of Pennsylvania ex rel. John F. Short, Appellant, *v.* A. G. Woodward, County Controller.

*Mandamus — County Officers — Discretionary powers — County controller—Duties—Refusal of writ.*

Mandamus will lie to compel an official to perform a duty imposed by statute, and to exercise his judgment and discretion, but will not direct how it shall be exercised.   It is only when such discretion is abused or there is a mistaken view of the law, as applicable to the facts, that the writ will issue to compel action according to law.

A petition for a writ of mandamus to a county controller to approve a bill for printing, is properly refused, where the reason for failing to approve the bill is that it was exorbitant and not in accordance with charges made by other newspapers for the same services.

*Mandamus—Parties plaintiff—Caption.*

Where a writ of mandamus is sought to enforce a public duty, by the breach of which the complainant has suffered an injury spe-

cial and peculiar to himself, the proceeding, like an ordinary action, is prosecuted in the name of the party instituting as plaintiff, and not in the name of the Commonwealth.

Submitted October 10, 1924. Appeal, No. 142, Oct. T., 1924, by plaintiff, from judgment of C. P. Clearfield Co., May T., 1924, No. 171, refusing petition for writ of peremptory mandamus in the case of Commonwealth of Pennsylvania ex rel. John F. Short v. A. G. Woodward, county controller. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Petition for writ of mandamus. Before CHASE, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the petition. Plaintiff appealed.

*Error assigned* was the decree of the court.

*W. Wallace Smith,* for appellant, cited: Douglas v. McLean, 25 Pa. Superior Ct. 9; Bartholomew v. Lehigh County, 148 Pa. 82; Graham v. Schuylkill County, 16 Pa. Superior Ct. 180; York Gazette v. York County, 25 Pa. Superior Ct. 517; Com. v. Larkin, 216 Pa. 128, and Com. v. Tice, 272 Pa. 447.

*W. Elbridge Brown,* for appellee, cited: Ackerman et al. v. Buchman et al., 109 Pa. 254; Kell v. Rudy, 1 Pa. Superior Ct. 507; Runkle v. Com. ex rel. Keppleman, 97 Pa. 328; Davis v. Patterson, 12 Pa. Superior Ct. 479; Deckert, Controller, v. Com. ex rel. Smart, 113 Pa. 229; Com. ex rel. Keller v. George, 148 Pa. 463.

OPINION BY GAWTHROP, J., November 17, 1924:

This is an appeal from a decree quashing a writ of alternative mandamus issued against a county controller.

John F. Short was the publisher of the Clearfield Republican, a newspaper published in the County of Clearfield.  He published the election proclamation for the general election in the fall of 1923 and filed a petition for mandamus on the controller of the county to compel that officer to approve his bill for the sum of $110.50 for the balance for the publication of the election proclamation for the year 1923, and countersign the necessary warrant for payment thereof.  The petition for the writ averred, inter alia, that the sheriff of the county, on whom the law imposes the duty of publishing the election proclamation in a certain number of newspapers, gave the election proclamation to the relator to be published in the Clearfield Republican for the year 1923, and agreed with him that the price to be paid for the publication should be the same as that paid to the relator in the preceding year, which was $352.80; that a bill for that sum was presented to the county controller and that $241.50 was paid on account thereof, leaving a balance of $111.30 due the relator; that the bill for this balance was presented to and ordered paid by the county commissioners, but that the county controller refused payment thereof on the ground that the charge is exorbitant and unjust.  The return and answer to the petition admitted the above stated facts, but set up as the reason for refusing to pay the bill that the charge was exorbitant, unjust and excessive in amount; that each of the other three newspapers which published the election proclamation for the year 1923 charged $241.50, and that the respondent in refusing to pay the same was exercising a discretionary power, and that mandamus will not lie to interfere therewith.  By demurring to the answer the relator admitted everything that was well pleaded therein.   (Ackerman et al. v. Buchman et al., 109 Pa. 254).

The question before us, therefore, is whether a mandamus should issue upon the county controller to compel payment of the balance of the bill for the publishing of the election proclamation by the relator in accordance

with the contract made in advance with the sheriff. The Act of June 26, 1895, P. L. 392, makes it the duty of the sheriff to give notice of general elections by advertisements in at least three newspapers, if there be so many published in the county. Subject to the limitations expressed in the statutes the discretionary power to select the newspapers is vested exclusively in him. In contracting for the publication of the election proclamation, he acts as the agent of the public and the county is directly liable to the publishers for the advertising expenses thus incurred: Graham v. Schuylkill County, 16 Pa. Superior Ct. 180. Whether or not the county could defend upon the ground that the price agreed upon by the sheriff when the printing was ordered was exorbitant or unreasonable was a question not raised or decided in that case, although Judge Rice stated that it might have been the duty of the county commissioners to set up that defense if there was evidence to warrant it. In York Gazette Co. v. York County, 25 Pa. Superior Ct. 517, the action was in assumpsit to recover from the county for the publication of the sheriff's election proclamation in the plaintiff's newspaper. The court, speaking through the present president judge, said that "it is not to be understood that because the county is directly liable for the advertising expenses incurred under this act (1885) that there are no limitations to the price the sheriff would agree to pay. In his acts as agent of the public, even within his discretionary power, he must exercise reasonable diligence and caution, and see that the taxpayers are protected from imposition in the payment of exorbitant and oppressive bills." The sheriff has authority to subject the county to liability only for the reasonable expense of the publication: Graham v. Schuylkill County, supra. His contract to pay an unreasonable amount therefor will not bind the county.

The county controller has the authority to question the reasonableness of the relator's bill and it is not only his right but his duty to refuse payment of it when the

amount thereof is unreasonable and unjust. Section 8 of the Act of May 6, 1909, P. L. 434, provides "that he (county controller) shall scrutinize, audit, and decide on all bills, claims, and demands whatsoever, against the county; and all persons having such claims shall first present the same to the controller, and, if required, make oath or affirmation before him to the correctness thereof. He may, if he deems it necessary, require evidence by oaths or affirmation of the claimant, and otherwise, that the claim is legally due, and the supplies or services for which payment is claimed have been furnished or performed under legal authority." Upon the controller is imposed also "all duties devolved on the county auditors by the Act of April 15, 1834." It was held in Runkle v. Com., 97 Pa. 328, that the powers of county auditors are as full and complete within their jurisdiction as are the powers of courts, and that "with all this judicial and deliberative power, the controller of the City of Reading is clothed, and of necessity he must be left free to exercise his own judgment," and that he could not exercise his important functions if he were to be controlled in his judgment by the court of common pleas, or by any other court. In that case the Supreme Court stated the rule governing cases of this kind, as follows: "Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong." As was said in Douglas v. McLean, 25 Pa. Superior Ct. 9, the duties of the controller are partly ministerial and partly discretionary, and while the courts will not review his discretionary exercise in a proper case, yet he is not above the law and his discretion is not arbitrary but legal. When he is called upon by the courts the facts must be made to appear sufficiently to show that they bring the case within his discretion and that it was exercised in obedience to law. Mandamus will lie to compel

an official to perform a duty imposed by statute and to exercise his judgment and discretion, but will not direct how it shall be exercised. It is only when such discretion is abused or there is a mistaken view of the law as applicable to the facts that the writ will issue to compel action according to law. In the case before us, the respondent averred in his answer that the price charged by the relator for publishing the election proclamation was higher by $111.30 than that charged by each of the other three newspapers and that his decision that the amount attempted to be collected was excessive and unreasonable was based upon that fact. We agree with the court below that it cannot be said that this does not constitute a sufficient averment of facts to enable us to determine that there was a proper exercise of the controller's discretion. It is due to counsel for the appellant to state that the decisions in Com. ex rel. v. Phila., 176 Pa. 588; Vare v. Walton, 236 Pa. 467, and Com. ex rel. v. Tice, 272 Pa. 447, relied upon as ruling this case in the relator's favor, involved the ministerial duties of the city controller and, for that reason, they are not in point. We are constrained to hold, therefore, that the learned court below properly quashed the writ and left the parties to try the issue of reasonableness or unreasonableness of the relator's claim in a suit against the county.

We remark again, as we did in Com. ex rel. Menges v. Huttel, 4 Pa. Superior Ct. 95, that where the writ of mandamus is sought to enforce a public duty, by the breach of which the complainant has suffered an injury special and peculiar to himself, the proceeding, like an ordinary action, is prosecuted in the name of the party instituting as plaintiff and not in the name of the Commonwealth as formerly. Act of June 8, 1893, P. L. 345, section 4. This provision was overlooked in the present case. See also Loraine v. R. R., 205 Pa. 132.

The decree is affirmed and the appellant is directed to pay the costs.