# In re Appointment and Fixing of Salary of Controller's Clerks by Salary Board.

*Meyer Goldfarb*, for appellant; *Norman E. Clark*, for appellees.

CUMMINS, J., March 12, 1928.—This is an appeal by the county controller from the action of the salary board, first, in refusing him a field clerk, and, second, in refusing an increase of salary to another clerk.

This case involves the determination of the correct relation and proper functioning between the board of county commissioners and the office of county controller; it involves, likewise, a novel situation. Stripped of all its legal technicalities, it simply amounts to this: The county commissioners are authorized by law, as the county's fiscal agents, to make her contracts, to spend her money; to check these expenditures is the duty of the county controller; incident to the making of an effectual check, the controller is required to collect and keep a record of all data showing all moneys received and expended by the county; to make possible such a check, the legislature makes it the duty of the salary board to supply the controller with sufficient clerks; and the county commissioners, constituting a majority of the salary board,

challenge the controller's right to send a field clerk out into the county for the purpose of making an actual check on the county's expenditures made in improvements, and consequently have denied the controller a clerk for that purpose; they say, first, that the controller is a mere ministerial officer, with no discretionary powers; that he may add up vouchers and claims, but that behind these he cannot go; second, that, even if he has any such power, that he alone can personally exercise it; that he could not be assisted therein by a clerk or clerks; third, that the Court of Common Pleas is without jurisdiction to review their action, it being alleged that the act of assembly authorizing an appeal therefrom is unconstitutional; and, fourth, that if the court has jurisdiction, it is limited to cases where it is affirmatively shown that the county commissioners have acted in bad faith.

The commissioners' first contention that the controller is but a ministerial officer, a book-keeper who can verify the figures and calculations appearing on vouchers and claims, but that he cannot go behind these, is untenable. To so hold would utterly destroy the office of county controller as an effective check; the controller would become but an adding machine, a rubber stamp. This was not the intention of the legislature; it expressly provided otherwise. It is provided by section 8 of the Controller's Act (the Act of May 6, 1909, P. L. 434), "that [the controller] shall scrutinize, audit and decide on all bills, claims and demands whatsoever. . . . He may, if he deems it necessary, require evidence by oath or affirmation of the claimant, and otherwise [than by affidavit], that the claim is legally due and the supplies or services for which payment is claimed have been furnished or performed. . . ." Even "the word [audit itself] implies the exercise of judicial discretion, and . . . is generally extended to include investigation, weighing of evidence and deciding whether items should or should not be included:" 6 Corpus Juris, 847, 848. Under said section 8, the controller, in passing on claims, may not only audit (which itself includes investigation), but, where he deems it necessary, he may require evidence of its legality and correctness by the claimant's oath, and otherwise, i. e., by such other inquiry and investigation as he may deem best, which certainly would permit of an actual check-up or investigation being made by the controller himself, his deputy or clerk.

Moreover, section 15 of the Controller's Act also expressly gives to the controller all powers which were vested in county auditors under the Act of April 15, 1834, P. L. 537; and the powers of county auditors were not merely ministerial: Runkle v. Com., 97 Pa. 328.

That a county controller is not a mere ministerial officer, but that he has full discretionary powers in passing upon the legality and correctness of claims against the county, has now been squarely decided by the Superior Court in the recent case of Com. ex rel. v. Woodward, County Controller, 84 Pa. Superior Ct. 124, wherein Gawthrop, J., at page 129, clearly points out that the authorities relied upon by the appellees in this case (Com. ex rel. v. Tice, 272 Pa. 447; Vare v. Walton, 236 Pa. 467) involved only ministerial duties of the city controller, and are, therefore, without application. And see Douglas v. McLean, 25 Pa. Superior Ct. 12; Com. v. George, 148 Pa. 463, 469.

Where bills are presented for labor or materials, the county controller does, therefore, have authority to investigate such claims in order to enable him to exercise his judicial discretion in passing upon their legality and correctness. Is the collection of such data such a duty as may be performed by a clerk? This is the second question raised by appellees.

The Act of March 31, 1876, § 7, P. L. 13, 15, provides that "the county commissioners and county controller . . . shall be and they are hereby con-

stituted a board . . . whose duty it shall be to meet together, from time to time, as they may be required by any of the officers whose salaries are established by this act [including the office of county controller], for the purpose of ascertaining and determining the number of deputies or clerks required for the proper dispatch of business by each of such officers, and for fixing the salary of each of said clerks and deputies. . ." [See Act of May 21, 1879, P. L. 72, and the Act of July 5, 1883, P. L. 182]; and section 14 of the Controller's Act provides that "the controller may appoint a deputy controller and such other clerks as may be necessary, whose salaries shall be fixed by the commissioners and the controller, as provided by section 7 of the Act of March 31, 1876."

The provisions of these two acts must be read together, and only to the extent that they are absolutely inconsistent does the latter repeal the former: Com. ex rel. v. Ruggles et al., 280 Pa. 568, 570, 571; Graham v. Philadelphia, 88 Pa. Superior Ct. 250, 255-258. The Act of 1909 authorizes the controller to appoint such clerks as may be necessary, but this is not inconsistent with the provisions of the Act of 1876, which provides that this necessity shall be determined by the salary board. Reading, then, these two acts together, the proper practice is for the salary board to determine, first, the number of the controller's clerks; and, second, their salaries; and then, after this has been done, the controller fills these clerkships by appointment. Now, appellees contend that one who would go out to where improvements are actually being made by the county and there collect data as to materials furnished and labor done would not be a clerk within the meaning of these acts of assembly; and if this were true, then it would, of course, follow that appellant would not be entitled to the "field clerk" contended for.

As was said by Mr. Justice Fell in Mulholland v. Wood, Brown & Co., 166 Pa. 486, 490, "the original meaning of the word clerk has become so enlarged that in modern usage it may [even] include a salesman in a retail store." So we have sales clerks, mail clerks, time clerks, pay clerks, bank clerks, stock clerks, cost and indictment clerks (by the Act of April 18, 1919, P. L. 83), judicial clerks (by the Act of March 2, 1927, P. L. 3), and so on ad infinitum; and their duties vary greatly, depending on the nature of the work of the employer who engages them or the duties of the public official who appoints them. To be a clerk, it is unnecessary that the employee or appointee be engaged in an office or that he always be at a desk. Whether one is a clerk depends upon the nature of the duties which one performs, not where he performs them. A mail clerk on a train, a pay clerk or a time clerk are common examples of clerks who do not spend their time in an office or at a desk.

But an official clerk is not one who has the authority to perform the same functions as the official appointing him (Maginnis v. Schlottman, 76 Pa. Superior Ct. 124, 127, affirmed in 271 Pa. 305), nor one trained as an expert in some particular field, e. g., a civil engineer: Bedford v. Rosser et al., 283 Pa. 345, 348. A clerk to a public official is ordinarily one who, as an amanuensis, book-keeper, scrivener, secretary or accountant, ministerially aids a public official in the discharge of his official duties: 11 Corpus Juris, 841; Bedford v. Rosser et al., 283 Pa. 345, 348. It is the duty of the controller to collect and make a complete record of the data showing all receipts and expenditures of the county (which duties are purely ministerial and could be discharged by clerks), and "to scrutinize, audit and decide on all bills, claims and demands whatsoever against the county," which latter duties constitute an exercise by the controller of his official discretion. The Act of 1876 requires the salary board to give to the controller "the number of deputies or clerks

required for the dispatch of business" incident to his office. That the controller's duties dischargeable by clerks consist of his ministerial duties we have no doubt. We are satisfied that the county controller, in checking and passing upon claims rendered for supplies or labor, can go beyond the bills rendered therefor; that he has full authority and that it is his duty to know whether the quantities of material for which payment is claimed were actually delivered; whether those whose names appear on the county pay-rolls are in fact engaged in doing county work for the hours claimed; and that the amounts of fines remitted by justices of the peace to the county treasurer are in fact correct. The actual making of such a check does not require the work of an expert, nor involve an exercise of discretion, but, instead, involves only the ministerial duty of collecting and compiling data necessary to enable the controller to properly exercise the official discretion vested in him; this clearly a controller's clerk, under the Acts of 1909 and 1876, can do, and for the purpose of distinguishing him from the other clerks of that office he might be conveniently called a "field clerk."

Under the evidence, it is clear that the controller in this county has never had a field clerk; that check-ups outside of his office have as yet not been made; and that an additional clerk will be necessary if this work is to be done is evident from the testimony of the county engineer. We, therefore, conclude that the county controller is entitled to the additional clerk for which he has asked. We believe, however, that the salary board, and not the court, should in the first instance fix the salary of such additional clerk.

The appellees' contention that the portion of section 7 of the Act of 1876 giving to an officer the right of appeal to the Court of Common Pleas is unconstitutional, for the reason that it imposes upon the court other than judicial duties, cannot be sustained. In this very case the court has been required to pass upon both issues of fact as well as issues of law; and this would be true, we believe, in any appeal which might be taken. For almost fifty years the constitutionality of this provision, so far as we can find, has never been questioned. See Com. ex rel. v. Paine, 207 Pa. 45; Com. v. Mann et al., 168 Pa. 290; Taggart v. Com. ex rel., 102 Pa. 354. The contention that the court is, upon appeal, without jurisdiction to act, except where it affirmatively appears that the commissioners have acted in bad faith, is without merit. See Bedford v. Rosser et al., supra. In fact, it is but fair to the county commissioners in this case to say that we are satisfied that they have acted in good faith, but have been misled by the case of Com. ex rel. v. Tice, supra, and other kindred authorities; but this situation has now been cleared up by the late case of Com. ex rel. v. Woodward, County Controller, supra, so that further misunderstanding growing out of an apparent conflict of the authorities mentioned should not arise.

As to the action of the salary board in refusing to raise the salary of another clerk in the controller's office, it is sufficient to say that it did not appear by the weight of the evidence that the salary fixed was inadequate or less than that ordinarily paid for service of a similar nature.

Both judges have conferred on the legal propositions herein involved and concur in the conclusions reached.

### Decree.

And now, to wit, March 12, 1928, the county controller is allowed an additional clerk to those allowed him by the salary board, whose salary is to be fixed by that board; the salary of the other clerks as allowed by the salary board to remain as heretofore fixed by that board.

From Harry D. Hamilton, Washington, Pa.