4. The bill of complaint and the supplemental bill show on their face that they are wholly without equity.

5. The granting of the relief sought by the complainant would adversely affect the rights of the Commonwealth of Pennsylvania.

Let a decree be submitted dismissing the bill, with costs.

## Poole Engineering and Machine Company v. Adamson, County Controller

*R. M. Bashore* and *J. M. Mahoney*, for plaintiff; *A. L. Shay*, for defendant.

Houck, J., December 21, 1931.—On plaintiff's petition, a writ of alternative mandamus was directed to issue. Defendant moved to quash the writ and this motion was overruled in an opinion filed; whereupon defendant filed a return, which was followed by an amended return. Plaintiff demurred both to the original and to the amended return. The case is to be disposed of on the amended return and the demurrer thereto.

By demurring to the answer, plaintiff admits everything that is well pleaded therein: Truitt *v.* Philadelphia, 221 Pa. 331, 341; Com. ex rel. Short *v.* Wood-

ward, County Controller, 84 Pa. Superior Ct. 124, 126. Consequently, the facts upon which the case turns may be gathered from the petition for the writ and from the amended return. It is established by the admitted averments in the petition that a majority of the qualified electors of Schuylkill County, pursuant to the Act of Assembly of April 18, 1929, P. L. 549, voted in favor of adopting voting machines on November 5, 1929; that the county commissioners awarded a contract for 100 voting machines to plaintiff, who was the lowest and best bidder, executing a written contract on September 17, 1930; that by the terms of said contract plaintiff agreed to sell to the county 100 machines at the net price of $1050 for each machine; that plaintiff delivered fifty-eight machines, which were accepted by the county commissioners, who presented to defendant, the county controller, bills for the delivery price of said machines totaling $60,900; and that defendant has refused to approve said bills. The allegations in defendant's return, admitted by plaintiff's demurrer, establish the following facts: That plaintiff agreed, in the written contract, to furnish 100 machines on or before October 1, 1930; that the commissioners and plaintiff executed another agreement on January 6, 1931, for the purchase of an additional ninety-five machines to be delivered on or before June 1, 1931; that the same parties executed a third agreement on August 20, 1931, for the purchase of an additional fifty machines to be delivered on or before September 1, 1931; that plaintiff has breached all of said contracts in that only fifty-eight machines have been delivered as stated in the petition (which was filed September 3, 1931), whereas 100 were to be delivered by October 1, 1930, and a total of 245 by September 1, 1931; that the first contract provides that "in consideration of the faithful performance of this contract in its entirety by the party of the second part, the party of the first part hereby agrees to pay unto the party of the second part for each of the said one hundred (100) machines the sum of ten hundred and fifty ($1050.00) dollars, delivered as hereinbefore stated to the county commissioners of Schuylkill County, Pa., which payment shall be made within thirty (30) days after the delivery of such machines to the County of Schuylkill, Pa.;" that a number of the machines were used at the primary election held on September 15, 1931, and that a large number broke down and were not available for use, the failure to perform being caused by inherent defects in said machines; that the machines do not comply with the specifications nor with the Act of Assembly of April 18, 1929, P. L. 549; that in violation of its agreement plaintiff has failed to repair imperfections and defects in said machines; that said machines are defective in that secrecy in voting is not preserved; that said machines are incapable of operating accurately and continuously during an election; that they do not preclude a voter from voting for a candidate for whom he is not entitled to vote, nor from voting for more persons than he is entitled to vote for; that said machines do not have a counter or other device to show the total number of voters who have operated the machine; that by reason of the "dead centering" of the machines they are rendered useless when a voting button is not operated properly; and that the machines are not so constructed as to provide for identification between one political party and another where a vote is cast at the primary election for a person whose name is not on the ballot. It is further alleged in the return that the voting machines made by plaintiff were reëxamined by the Secretary of the Commonwealth, in accordance with the Act of Assembly of June 23, 1931, P. L. 1185, on November 19, 1931, and found unsatisfactory.

Under the facts, established by the pleadings as far as this proceeding is concerned, the case presents a narrow legal question. To decide it, it is unnecessary

to consider all the questions raised and those which we ignore are ignored because their decision is not required at this time. Plaintiff contends that the approval of the bills in controversy by the controller is a ministerial act. If it is, approval may be compelled by mandamus. Defendant contends that his action upon these bills is a deliberative and discretionary act; that he has exercised his discretion; and that he has exercised it in a legal and not in an arbitrary fashion. If this is the situation, defendant's action may not be interfered with by mandamus. Hence, the only questions to be determined are whether action on the bills is a ministerial or a discretionary act, and if the latter, whether the controller has exercised a legal and not an arbitrary discretion.

The Act of 1929, providing for the adoption of voting machines, requires the county commissioners to provide for their payment, but it in no way limits the duties of the county controller. His duties respecting the bills for the machines are designated in section 349 of the General County Law of May 2, 1929, P. L. 1278, 1324, which section is a reënactment of previously existing legislation. It is provided in this section that the controller "shall scrutinize, audit and decide on all bills, claims and demands whatsoever against the county." All claims which he shall find legally due he shall certify to the commissioners. The section also provides for certain specific inquiries to be made by the controller. Plaintiff contends that these specific inquiries are the only ones the controller may legally make, but this contention is untenable. He is charged with the responsibility of auditing and deciding on all bills, and he is to certify those only which he finds to be legally due. His action, therefore, requires the exercise of discretion. There are cases which decide that the act of a controller in approving bills involves the use of discretion: Runkle v. Com. ex rel. Keppelman, 97 Pa. 328; Dechert, Controller, v. Com. ex rel. Smart, 113 Pa. 229; Com. ex rel. Short v. Woodward, County Controller, 84 Pa. Superior Ct. 124; see, also, In re Appointment and Fixing of Salary of Controller's Clerks by Salary Board, 11 D. & C. 307, 308. There are also cases which decide that the approval of certain bills is a ministerial act: Com. ex rel. v. Philadelphia et al., 176 Pa. g88; Com. ex rel. v. Pittsburg, 204 Pa. 219; Com. ex rel. v. Pittsburg, 206 Pa. 379; Vare v. Walton, 236 Pa. 467; Com. ex rel. v. Tice, 272 Pa. 447; Howells et al. v. Adamson, 30 Schuyl. L. Rec. 136. The authorities are not in conflict and the character of the act in question depends upon the facts. The rule is that where a contract is legal or a warrant is for a valid indebtedness, the duty of the controller is ministerial and he can be compelled to approve the one or countersign the other, but he cannot be compelled to join in that which is illegal, invalid or a violation of a statute: Com. ex rel. v. Jones, 283 Pa. 582. Under the facts of the present case, we are unable to say that the controller's act is ministerial. In the approval or disapproval of these bills he is clothed with discretionary power.

The only remaining question is whether defendant has exercised a legal or an arbitrary discretion. If there is any plausible basis for his action, his discretion may not be controlled by the court, even though his decision may be wrong. "Where a person or body is clothed with judicial, deliberative or discretionary powers, and he or it has exercised such powers according to his or its discretion, mandamus will not lie to compel a revision or modification of the decision resulting from the exercise of such discretion, though, in fact, the decision may have been wrong:" Runkle v. Com. ex rel. Keppelman, supra, at page 332. The admitted facts in the case before us show that the machines delivered, and for which payment is demanded, are defective, are not in accordance with the specifications and are not as prescribed in the Act of 1929 governing voting machines. Under such circumstances, we are bound to hold that the

controller has not acted arbitrarily in refusing to approve the bills and that he apparently has exercised a legal discretion.

From what has been said, it follows that judgment must be entered for defendant. The controller's action, of course, does not conclude the plaintiff, but it must establish its right to payment by suit against the county. All that we now hold is that the approval of the bills by the controller requires the exercise of discretion and that, under the admitted facts, the controller has exercised legal discretion in refusing to approve the bills for payment.

And now, December 21, 1931, plaintiff's demurrer is overruled and the writ of alternative mandamus is quashed, plaintiff to pay the costs.

From M. M. Burke, Shenandoah, Pa.