## Hazleton Retail Merchants' Council v. Beisel, Mayor

*William H. Gerlach,* for plaintiff; *J. H. Bigelow,* for defendant.

COUGHLIN, J., August 20, 1932.—Sasso's, a furniture store in the City of Hazleton, advertised an auction sale, purporting to sell its entire stock of furniture, carpets, rugs, linoleums, draperies, and houshold furnishings. R. Alvin Beisel is mayor of said city. A petition for writ of mandamus was presented by the Retail Merchants' Council of the city to compel the defendant mayor to require from Sasso's a signed and sworn statement as specified in the Act of June 12, 1931, P. L. 533, within a reasonable time, and compelling him to order the discontinuance of said sale by auction if an investigation of the facts surrounding the sale discloses that goods other than those advertised and represented have been and are being sold.

The petition is content with the averment that the petitioning council is an association of merchants of the City of Hazleton, County of Luzerne and State of Pennsylvania, being an unincorporated association with offices in Hazleton, Pa., and that W. A. Deisroth and the others interested in this petition are officers in said unincorporated association and residents in the City of Hazleton, County of Luzerne, State of Pennsylvania; and further that by reason of R. Alvin Beisel's refusal to perform his duty, under said statute, the auction sale conducted by Sasso's has continued to the detriment of Hazleton Retail Merchants' Council and in fraud of citizens of the City of Hazleton, who have been led to believe that only stock which was on hand at the beginning of the sale was to be offered at auction.

An alternative writ having been allowed by the court, defendant now moves to quash the writ. The reasons assigned therefor are: (a) The petition does not disclose the right of the petitioner to institute the said proceedings; (b) the petition discloses no private interest existing in any of the petitioners entitling them to institute mandamus proceedings; (c) the averments of the petitioner are based upon the alleged failure of the defendant mayor to enforce the provisions of an act of assembly and the allegations of the petition disclose no specific private interest infringed; (d) the writ can only be granted at the instance of the Attorney General of the Commonwealth of Pennsylvania, under the Pennsylvania statutes in such cases made and provided.

We are of the opinion that the motion to quash must prevail. The Act of June 8, 1893, P. L. 345, sec. 2, 12 PS § 1912, provides as follows:

"Any person desiring to obtain a writ of mandamus shall present his petition therefor, verified by affidavit, to the judge or judges of the proper court, either

in session or at chambers, setting forth the facts upon which he relies for the relief sought, the act or duty whose performance he seeks, his interest in the result, the name of the person or body at whose hands performance is sought, demand or refusal to perform the act or duty, and that the petitioner is without other adequate and specific remedy at law. If such petition presents the substance of a case for mandamus, the court shall direct that such writ issue in the alternative form: *Provided however*, That if the right to require the performance of the act is clear, and it is apparent that no valid excuse can be given for not performing it, a peremptory mandamus may be awarded in the first instance and directed to issue forthwith."

One who has no beneficial interest has no standing to apply for a mandamus, and a citizen who has no personal right different and apart from the public generally cannot maintain mandamus under this act. See notes of decisions to 12 PS §§1912, 1913, and also Com. ex rel. v. Sell, 8 Lehigh 3, Com. ex rel. v. Burnard, et al., 13 Lack. Jur. 106, Com. ex rel. v. Shields, Sheriff, 19 Dist. R. 932, and Com. ex rel. v. Swing, Mayor, et al., 30 Dist. R. 616.

Section 4 of the said Act of June 8, 1893, P. L. 345, provides as follows:

"When the writ is sought to procure the enforcement of a public duty, the proceeding shall be prosecuted in the name of the Commonwealth on the relation of the Attorney General: *Provided however*, That said proceeding in proper cases shall be on the relation of the district attorney of the proper county: *Provided further*, That when said proceeding is sought to enforce a duty affecting a particular public interest of the State, it shall be on the relation of the officer entrusted with the management of such interest. In all other cases the party procuring the alternative writ shall be plaintiff, the party to whom said writ is directed shall be defendant, and the action shall be docketed as in ordinary cases, namely: ————, plaintiff, versus ————, defendant."

Whenever it is sought to procure the enforcement of a public duty, the writ should be issued at the relation of the Attorney General: Com. ex rel. v. Wilkins et al., 271 Pa. 523. Performance of a public duty can be enforced only at the suit of the Attorney General, or the district attorney of the proper county, or on the general principles of the common law by a private citizen who has a specific and independent legal right or interest in himself, distinct and different from that of the public at large, and is without other remedy; a private citizen who has no interest but such as is common to the public at large cannot enforce such a duty: Heffner et al. v. Com. ex rel., 28 Pa. 108; Com. ex rel. v. Mitchell et al., 82 Pa. 343; Stegmaier v. Jones, 203 Pa. 47; Com. ex rel. v. Kester, 4 D. & C. 749; Com. ex rel. v. County Commissioners, 21 Luz. L. R. 319; Thomas et al. v. Duffy, 22 Dist. R. 960, and Com. ex rel. v. Jermyn, 45 Pa. C. C. 183.

Where a writ is sought to enforce a public duty by the breach of which complainant has suffered an injury special and peculiar to himself, the proceeding, like an ordinary action, is prosecuted in the name of the party instituting as plaintiff and not in the name of the Commonwealth. The fact, however, indicating a special and peculiar injury must appear: Com. ex rel. Price v. Woodward, County Controller, 84 Pa. Superior Ct. 124. The petition must contain the substance of a case for a mandamus: Treasurer of Jefferson County v. Shannon, 51 Pa. 221. The facts on which the right is made to depend must be stated with a precision sufficient to express the right of one and the duty of the other, in such manner that the ordinary mind, disregarding technicality of pleading, may easily comprehend them.

The act in question is to prevent fraud and deception in sales, by auction, etc.; it directs investigation by the officers of certain municipalities and provides certain action when those persons conducting such sales refuse to furnish the

statement required or continue to conduct sales after notice to discontinue. The purpose of the act is to prohibit fraudulent auction sales. A violation of the act makes one guilty of a misdemeanor with heavy fine and imprisonment. It is a criminal statute. Section 2 thereof, however, additionally places certain duties upon the municipal officers, the nonperformance of which does not affect prosecution under section 1. Procedure under section 2 is a public duty, placed upon respective public officers and hence is a public duty pertaining to his office. In the absence of a specific and independent legal right or interest in himself, distinct and different from that of the public at large, a private citizen is not entitled to the mandatory writ required.

Motion is allowed and the writ quashed.

From Frank P. Slattery, Wilkes-Barre, Pa.