## Lesniak v. Lawler et al.

*John Memolo*, for petitioner.

*Stanley Coar*, for respondents.

LEWIS, J., October 29, 1937.—The petition before this court involves two questions:

First, the jurisdiction of this court, upon this petition of a candidate, to direct a mandamus to the Board of Elections of the County of Lackawanna, directing them to prepare the voting machines which are to be used at the election to be held on Tuesday, November 2, 1937, as provided by the Pennsylvania Election Code of June 3, 1937, P. L. 1333; second: Was the arrangement of the voting machine such that the rows in which the names of 40 candidates of the Democratic party and of the Republican party appeared were adjacent, as is directed and contemplated by the code?

It appears from the facts presented to this court that the preparation of the voting machines was begun on October 20, 1937, and the preparation was completed on Friday, October 22, 1937; that the machine publicly upon exhibition at the courthouse in Scranton, Lackawanna County, shows an arrangement in which the ballot labels of all candidates of the Democratic party are in the first top row of the machine, designated as row "A"; that the ballot labels of all candidates of the Republican party are in the third row of the machine, designated as row "C"; that the second row, designated as row "B" is vacant; that on the specimen ballots the arrangement does not properly portray or correspond with the arrangement appearing upon the face of the machine, and therefore is not

in compliance with the statutory direction; that voting machines have been continuously in use in the County of Lackawanna since 1930, and at all times heretofore the arrangement has been that the party rows be contiguous; that all of the specimen ballots portray rows contiguous, giving not the slightest intimation that there is a vacant or blank row existing and appearing between the party rows. The party rows are designated respectively "A" and "C", and all of the necessary blanks for election returns are printed in conformity with these designations "A" and "C".

The election board failed, as directed by the code, to have the arrangement of the voting machines and the ballots approved by the Secretary of the Commonwealth. A letter signed by James H. Wallace, Director of the Bureau of Elections, dated October 26, 1937, subsequent to the arranging of the machines and the printing of the ballots, as the law requires, was presented to the court as an approval by the Secretary of the Commonwealth. Had the legislature meant the chief of the Bureau of Elections it would have so legislated; consequently the letter from the chief of the Bureau of Elections is not an approval of this ballot as contemplated by the code. As we view it, it has no more effect than would be had by a check from a Chinese laundryman. Therefore, the preparation of these machines and ballots has never proceeded beyond the stage of mere arrangement by the county election board and a petition for mandamus need only cite them as respondents. If there be ground for mandamus then all of the necessary parties respondent are before us.

As to the right of mandamus, our Supreme Court, in the case of Dechert, etc., v. Commonwealth ex rel., 113 Pa. 229, held:

"Mandamus will lie to compel the performance by public officers, of duties purely ministerial in their character; but as to all acts and duties necessarily calling for the exercise of judgment and discretion on their part mandamus will not lie."

The duties of this election board are purely ministerial. They are prescribed by the code. They are given no discretion, nor is there anything judicial in the performance of them. Consequently mandamus would lie at the instance of the proper party. Section 4 of the Act of June 8, 1893, P. L. 345, has been interpreted by our Superior Court in Commonwealth ex rel. v. Woodward, etc., 84 Pa. Superior Ct. 124, 129, in the following language:

"We remark again, as we did in Com. ex rel. Menges v. Huttel, 4 Pa. Superior Ct. 95, that where the writ of mandamus is sought to enforce a public duty, by the breach of which the complainant has suffered an injury special and peculiar to himself, the proceeding, like an ordinary action, is prosecuted in the name of the party instituting as plaintiff and not in the name of the Commonwealth as formerly. Act of June 8, 1893, P. L. 345, section 4. This provision was overlooked in the present case. See also Loraine v. R. R., 205 Pa. 132."

The variance between the official ballots and the arrangement on the voting machine, aside from the fact that it is not in conformity with the law, will, in our opinion, undoubtedly tend to confuse the voters; particularly is this true in view of the fact that these voting machines have at all times heretofore since 1930 been arranged with the party rows not only adjacent but contiguous. Voters have been consistently instructed to pull the lever above the name of the candidate for whom they desire to vote. While the official ballots and the specimen ballots portray the rows contiguous and show one lever above the name of the candidate whose name appears in row "C", in truth and in fact there are two levers immediately above each of the names of the candidates whose names appear on the ballot labels in row "C", so designated by the letter "C", which will unquestionably lead to confusion among the voters. Each candidate whose name appears in row "C", as it now appears upon the face of the voting machine, would of necessity lose votes which the voter intended to cast for him but who pulled the upper

lever, which is now above the names of such candidates but is likewise above a blank space and could not register a vote for the candidate whose name appears upon the ballot label on row "C", and therefore such candidates are particularly or peculiarly affected in their individual capacity as citizens, for as such they have the right to have recorded all votes cast for them and are not to be deprived of them by the unnecessary confusion among the voters which will of necessity result from the variance between the arrangement of the rows of ballot labels upon the face of the machine and the official and specimen ballots now proposed to be used in this election.

Therefore, this petitioner has a particular or peculiar interest in the matter before us and as a consequence has a right to be heard on his own behalf and upon showing proper cause has a legal right to the mandamus here prayed for. In this case the conceded or agreed facts are sufficient to give this petitioner legal standing before this court and to give this court jurisdiction in this matter as it is here presented to us.

As to the legality of the arrangement of these rows of ballot labels as they now appear upon the face of these voting machines, the law provides that they shall be adjacent. This does not of necessity mean that they be contiguous or adjoining: City of Allentown v. Wagner, 27 Pa. Superior Ct. 485; and had the practice of leaving vacant rows been followed in this county in its use of voting machines and had the official and specimen ballots been prepared in such manner as to portray the appearance of the ballot labels upon the face of the machine it might be considered as a compliance with the law, but as these machines have been in use since 1930 and invariably the ballot labels of the respective parties have been placed contiguously and in addition thereto the official ballots and sample ballots are as they have always heretofore been and do not under the proposed arrangement of the machine accurately portray the arrangement, we feel that in view of the usage and custom adopted and followed in

this county under the spirit of the act adjacent should be construed under the common acceptation of the meaning of that word, to wit, adjoining, contiguous, and we so hold, and for these reasons conclude that a peremptory mandamus should issue as prayed for in the petition.

From the foregoing it will appear that we are of the opinion that the ballot labels to be inserted in the voting machine should have been inserted in row "B" and marked with the letter "B" instead of the letter "C", as appears in our order filed yesterday, and that the official ballot is likewise defective in the respects already mentioned, but in our conference it was learned that, as to changing the letter "C" on the ballot label on the voting machine, on the specimen ballot and on the returns of election, it is doubtful if there would be sufficient time to make the changes so that the voting machines could be prepared in time for the election to be held November 2, 1937, and it was for these reasons that we directed the changes to be made as set forth in our said order filed yesterday.

We feel that the correction made in said order should be made, for elections, like Caesar's wife, should be above suspicion.