## Butcher v. Civil Service Commission

*R. Blair*, for petitioner.

*F. F. Truscott* and *J. F. Ryan*, for respondents.

Bok, P. J., December 19, 1946.—This is a petition for a writ of alternative mandamus. Plaintiff seeks to compel the Civil Service Commission of Philadelphia to allow him to inspect the questions used by the commission in its examination of candidates for hosemen in 1944. The commission has filed a return to which plaintiff has demurred.

Plaintiff bases his claim on article XIX, sec. 14, of the Philadelphia City Charter Act of June 25, 1919, P. L. 581, 53 PS §3334, which reads:

"All minutes, examination papers, eligible lists, and other records of the commission, . . . as well as all

recommendations and correspondence relating to applicants for office or employment received by the commission . . . shall be preserved, and shall, subject to reasonable regulations as to the time of examination, be open to public inspection during ordinary business hours: . . ."

Defendants, in their return, have raised the point that plaintiff does not aver any special or personal interest or any injury to himself apart from the public as a whole. While defendants do not go on to say so, the conclusion is that plaintiff has no standing to bring action in his own name but should have done so on the relation of the district attorney of this county. Defendants might well have demurred to the petition or moved to quash it on this ground. We feel that we must take notice of this situation, even if defendants had not raised it, because it is a substantial one and affects the proper administration of justice. As the court said in Commonwealth ex rel. v. Mathues, 210 Pa. 372, 376 (1904) :

"If there is an injury to a private party in common with the whole public, the right of the private party to obtain redress in his own name is denied, because, if he interposes, any other might, and as the decision in one individual case would be no bar to any other, there would be no end to litigation and strife, . . ."

We have no doubt that plaintiff's petition is based upon public right rather than on a private claim. The very provision to make public certain of the Civil Service Commission's records is itself a clear showing that the legislature means the civil service system to be one of general public concern; public servants are to be selected by what is intended to be a fair and honest method, and the public as a whole cannot help but be interested in that. This is reflected in the case of Commonwealth v. Daly et al., 147 Pa. Superior Ct. 545 (1942), where the court said:

"It is very clear that one of the main purposes of this statute is that the examinations shall be honestly conducted and that all applicants will be fairly and impartially rated."

Section 3 of the Mandamus Act of June 8, 1893, P. L. 345, 12 PS §1913, provides: "The writ of mandamus may issue upon the application of any person beneficially interested."

Section 4 provides:

"When the writ is sought to procure the enforcement of a public duty, the proceedings shall be prosecuted in the name of the Commonwealth on the relation of the Attorney General: Provided however, That said proceeding, in proper cases, shall be on the relation of the district attorney of the proper county: Provided further, That when said proceeding is sought to enforce a duty affecting a particular public interest of the State, it shall be on the relation of the officer entrusted with the management of such interest. In all other cases the party procuring the alternative writ shall be plaintiff, the party to whom said writ is directed shall be defendant, and the action shall be docketed as in ordinary cases, namely: . . . plaintiff versus . . . defendant."

Plaintiff has not shown any special interest or injury that might qualify him to sue in his own right. This being so, he may not sue on behalf of the public; if he could, every other private citizen could do so and there would be no end to petitions like this one before us. That mandamus actions involving questions of public interest should be brought on the relation of the Attorney General or the district attorney is held in Commonwealth ex rel. v. Mathues, supra; Davidson v. Beaver Falls Council, 348 Pa. 207 (1943); Loraine v. Pittsburgh, Johnstown, Ebensburg & Eastern Railroad Co., 205 Pa. 132 (1903); Stegmaier v. Jones, 203 Pa. 47 (1902); Commonwealth ex rel. Bell v. Powell, 249

Pa. 144 ('1915); Commonwealth ex rel. Short v. Woodward, 84 Pa. Superior Ct. 124 (1924).

The petition is therefore dismissed, without prejudice to plaintiff, since we are not adjudicating the merits, to bring a proper action.